UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN JOSEPH BREWNER, <br><br> Petitioner, <br><br> v. <br><br> ROY ODUM, <br><br> Respondent. | CIVIL ACTION NO. <br> 1:22-CV-02441-JPB |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 9]. This Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

Brian Joseph Brewner ("Petitioner") filed this habeas corpus petition on June 17, 2022, challenging his October 2015 conviction for malice murder and numerous other crimes. Brewner v. State, 804 S.E.2d 94, 97 (Ga. 2017). In the petition, Petitioner raises three grounds for relief: (1) that he was denied the right to be present at critical stages of the criminal proceeding; (2) that trial counsel was ineffective for failing to request a limiting instruction regarding prior bad act evidence admitted against Petitioner; and (3) that trial counsel was ineffective for failing to object to the admission of audio recordings, allegedly made by Petitioner, that were not properly authenticated.

On December 18, 2023, United States Magistrate Judge Linda T. Walker issued a Final Report and Recommendation wherein she recommended denying the instant petition. As to Petitioner's claim that he was denied the right to be present during critical stages of the proceeding, the Magistrate Judge determined that the claim was improper because it is procedurally defaulted. As to Petitioner's other claims, the Magistrate Judge reasoned that, under 28 U.S.C. § 2254(d), the Court must defer to the state court's reasonable determination that Petitioner failed to establish that he was entitled to relief with respect to those claims.

Petitioner filed objections to the Report and Recommendation on January 16, 2024. [Doc. 12]. The matter is now ripe for review.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536,

1548 (11th Cir. 1988). Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'" United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## DISCUSSION

In his objections, Petitioner only challenges the Magistrate Judge's conclusion that his claim regarding the right to be present during a critical part of the proceeding is procedurally defaulted.

At Petitioner's trial, the trial court excused a potential juror during voir dire after learning that the juror had a family emergency. Petitioner was not present when the juror was excused. More specifically,

> [r]egarding the juror dismissal, the record reflects that, during jury selection on the first day of trial, the trial court dismissed a prospective juror during the lunch break after receiving a note from the juror requesting excusal due to a family emergency. Immediately following the lunch break, the trial court noted in open court, where [Petitioner] himself as well as the prosecutor and [Petitioner]'s counsel were present, that it had made a "command decision" to excuse the juror because of the emergency. The court asked both defense counsel and the prosecutor whether there was "anything we need to talk about with regard to [the juror]," and both responded in the negative. [Petitioner] did not express any disagreement with his counsel's assent to the trial court's decision, either contemporaneously with the trial court's statement or at any other time during the trial proceedings.

Brewner, 804 S.E.2d at 100.

After his conviction, Petitioner raised the issue of his absence when the juror was excused to the state appellate court. The state court concluded that based on state law, Petitioner had acquiesced to his counsel's waiver of his presence because Petitioner "never voiced any disagreement during the ensuing eight-day trial with either the trial court's decision or his counsel's conduct." Id.

Here, the Magistrate Judge determined that the claim is procedurally defaulted because Petitioner raised this issue in state court and only asserted that state law—not federal law—entitled him to relief.[1] In his objections, Petitioner argues that he did assert that he was entitled to relief under federal law. The Court agrees. Having reviewed Petitioner's state appellate brief [Doc. 6-2, p. 10], it is clear that Petitioner did alert the state court to his federal claims. See Duncan v. Henry, 513 U.S. 364, 365 (1995). Specifically, in the opening discussion of his claim, Petitioner cited to United States Supreme Court cases and noted that his right to be present during the critical stages of his trial arises from the Confrontation and Due Process Clauses of the Constitution. Id. Accordingly, this

---

[1] In a lengthy footnote [Doc. 9, pp. 8–9 n.1] the Magistrate Judge determined in the alternative that this claim also failed on the merits.

4

Court finds that Petitioner's claim is exhausted and properly raised in his petition. In the analysis that follows, the Court will therefore consider the merits of Petitioner's claim.

According to the Supreme Court of the United States, "the right to personal presence at all critical stages of the trial and the right to counsel are fundamental rights of each criminal defendant." Rushen v. Spain, 464 U.S. 114, 117 (1983).[2]

> Although the Court has emphasized that this privilege of presence is not guaranteed when presence would be useless, or the benefit but a shadow, due process clearly requires that a defendant be allowed to be present to the extent that a fair and just hearing would be thwarted by his absence. Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

Kentucky v. Stincer, 482 U.S. 730, 745 (1987) (quotations and citations omitted). However, "cases involving such constitutional deprivations are subject to the general rule that remedies should be tailored to the injury suffered and should not unnecessarily infringe on competing interests." Rushen, 464 U.S. at 117 (cleaned up). The Supreme Court thus directs that a claim raising the right to be present

---

[2] This Court assumes without deciding that, because the Georgia Supreme Court relied only on state law precedent in determining that Petitioner had waived his right to be present when the prospective juror was dismissed, Brewner, 804 S.E.2d at 100, the state court did not reach Petitioner's federal constitutional claim. Because it appears that Petitioner did alert the state court to the federal claim—meaning that the claim is exhausted—this Court reviews the claim de novo outside the purview of § 2254(d) deference. See generally Williams v. Taylor, 529 U.S. 362 (2000) (discussing the § 2254(d) standard).

during all critical stages of a criminal proceeding is subject to harmless error analysis.  Id.; United States v. Diamond, 482 F. App'x 380, 383 (11th Cir. 2012).³

At the outset, the Court first questions whether releasing a prospective juror based on hardship before voir dire has been completed is a critical stage of the criminal proceeding.  There is scant case law on this question, but the cases that the Court could locate indicate that the release of a venire member on the basis of a hardship is not a critical stage.  E.g., United States v. Greer, 285 F.3d 158, 168 (2d Cir. 2002) (noting that "hardship questioning is not a part of voir dire—and thus not a critical stage of the trial during which the parties and counsel must be present"); United States v. Candelaria–Silva, 166 F.3d 19, 31 (1st Cir. 1999) ("If a judge does no more than what a jury clerk is authorized to do in excusing jurors, that may raise an issue of allocation of court resources but does not raise an issue of impropriety.").

---

³ This Court points out that Petitioner's argument that his absence when the prospective juror was dismissed constituted a structural error where prejudice is presumed is based on state law [Doc. 12, p. 9 (citing Sammons v. State, 612 S.E.2d 785, 788 (Ga. 2005))] and does not apply to Petitioner's federal claim.  See United States v. Thomas, 724 F.3d 632, 641 (5th Cir. 2013) ("[T]his Circuit has consistently required a showing of prejudice to the defendant to constitute reversible error upon a defendant's absence from any part of the jury selection process."); Campbell v. Rice, 408 F.3d 1166, 1172 (9th Cir. 2005) ("The Supreme Court has never held that the exclusion of a defendant from a critical stage of his criminal proceedings constitutes a structural error.").

Assuming without deciding that Defendant was excluded during a critical part of the proceedings when the trial court released the juror, Plaintiff is still not entitled to relief. Indeed, under the harmless error standard, Petitioner must demonstrate that the error "had a substantial and injurious effect or influence in determining the jury's verdict." California v. Roy, 519 U.S. 2, 5 (1996). Petitioner's contention that he was prejudiced because he "was deprived of the opportunity to consider the juror's reason for asking to be excused and confer with his counsel thereabout" [Doc. 12, p. 9] falls short of demonstrating a substantial and injurious effect. Rather, a trial court's erroneous venire ruling does not constitute reversible constitutional error so long as the jury that sits is impartial. United States v. Martinez-Salazar, 528 U.S. 304, 313 (2000); Jones v. Dretke, 375 F.3d 352, 355 (5th Cir. 2004). Significantly, Petitioner has not shown that an unqualified or biased juror sat on his jury or that the prospective juror's absence from the venire could have affected the outcome of his trial, especially when considering the "ample evidence" of his participation in the crimes. See Brewner, 804 S.E.2d at 99. As a result, even if the trial court erred in dismissing the prospective juror outside of his presence, Petitioner has no entitlement to relief because the error was harmless.

This Court thus concludes that Petitioner is not entitled to relief with respect to his claim that his constitutional rights were violated when he was not present when the trial judge excused a prospective juror. As to the Magistrate Judge's remaining determinations, about which Petitioner has lodged no objection, the Court has reviewed the Report and Recommendation for plain error and has found none.

## CONCLUSION

For the reasons discussed, this Court concludes that the Magistrate Judge is correct that Petitioner is not entitled to relief. Accordingly, the Report and Recommendation [Doc. 9], as modified and/or supplemented herein, is hereby **ADOPTED** as the order of the Court. Petitioner's 28 U.S.C. § 2254 petition is thus **DENIED**, and the Clerk is **DIRECTED** to close this case.

This Court further agrees with the Magistrate Judge that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this 7th day of November, 2024.

J. P. BOULEE
United States District Judge